BULOVA WATCH COMPANY, INC., Plaintiff, *v.* S. KLEIN ON THE SQUARE, INC., Defendant.

BENRUS WATCH COMPANY, INC., Plaintiff, *v.* S. KLEIN ON THE SQUARE, INC., Defendant.

LONGINES-WITTNAUER WATCH CO., INC., Plaintiff, *v.* S. KLEIN ON THE SQUARE, INC., Defendant.

Supreme Court, Special Term, New York County, June 11, 1951.

*Sanford H. Cohen* for Bulova Watch Company, Inc., plaintiff.

*Eugene Eisenman, Edwin P. Kaufman* and *Robert Dillof* for Benrus Watch Company, Inc., plaintiff.

*Arthur G. Warner* for Associated Credit Jewelers of New York and New Jersey, Inc., *amicus curiæ.*

*Jesse Freidin, Sidney A. Diamond, Emanuel L. Gordon* and *Ludwig Mandel* for defendant.

McNALLY, J. These three cases are almost identical actions under the New York Feld-Crawford Act (General Business Law, art. 24-a) to enjoin the defendant from selling watches at retail, below the fair-trade prices fixed by the plaintiffs, the manufacturers thereof. The defendant is not a party to any minimum resale price maintenance contract with any of the plaintiffs; it is a so-called nonsigner. The Feld-Crawford Act provides in part that one who knowingly sells below the fixed price may be enjoined even though not a party to any contract entered into pursuant to the provisions of the act (General Business Law, § 369-b). Under the ruling in *Schwegmann Bros.* v. *Calvert Distillers Corp.* (341 U. S. 384), decided by the United States Supreme Court on May 21, 1951, so-called fair-trade prices may not be enforced against nonsigners if interstate commerce is involved within the scope of the Sherman Act (U. S. Code, tit. 15, § 1 *et seq.*). The question presented in these cases is whether the *Schwegmann* case applies, and this in turn depends upon whether or not interstate commerce is involved. It is the position of the defendant that all three plaintiffs are engaged in interstate and foreign trade and commerce, that the present attempt to enforce minimum resale prices affects interstate commerce and that therefore under the *Schwegmann* decision the plaintiffs are prohibited by section 1 of the Sherman Act (U. S. Code, tit. 15, § 1) from maintaining these actions. The plaintiffs, on the other hand, contend that the products that they seek to enjoin defendants from selling at reduced prices were manufactured in New York and have never left the State and thus have not entered the stream of interstate commerce. Even if this be the fact it does not follow that the *Schwegmann* case (*supra*) is not controlling here, it being sufficient that interstate commerce is affected (*United States* v. *Frankfort Distilleries,* 324 U. S. 293, 296; *Mandeville Is. Farms* v. *American Crystal Sugar Co.,* 334 U. S. 219, 234).

Although price-fixing agreements by plaintiffs, engaged in interstate commerce, may purport to affect only resales within the State of New York, it does not follow that they do not affect interstate commerce and bring the transactions within the scope of the Sherman Act. The tendency of permitting plaintiffs to keep up the prices of their products within this State is to

enable them similarly to keep up the prices of the same products in adjoining and other States. Conversely, if plaintiffs are unable to maintain the price levels fixed by them within this State, the effect may well be to lower the prices at which their products are resold in sister States.

In *Mandeville Is. Farms* v. *American Crystal Sugar Co.* (*supra*), the United States Supreme Court held that the Sherman Act was violated by a restraint relating to *intrastate* or *local activities* because of its actual or threatened effect upon interstate commerce. The court said (p. 234): "For, given a restraint of the type forbidden by the Act, though arising in the course of intrastate or local activities, and a showing of actual or threatened effect upon interstate commerce, the vital question becomes whether the effect is sufficiently substantial and adverse to Congress' paramount policy declared in the Act's terms to constitute a forbidden consequence. If so, the restraint must fall ".

The most that can be said for the plaintiffs is that there is an issue of fact presented as to whether their attempts to fix resale prices within New York State substantially affect interstate commerce. The rule is well settled that a motion for a preliminary injunction, prior to trial, will not be granted unless the right of the plaintiff to relief is clear and free from doubt. That is obviously not the case here.

The motion for a temporary injunction is accordingly denied. Plaintiffs may, if they so elect upon the settlement of the order, obtain an early trial. Settle order on one day's notice.